UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAYSON FRANCIS,<br><br>          Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>          Defendant. | Case No.: 18-cv-0661-JAH-MDD<br><br>**ORDER ON JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF NO. 22]** |

This case, removed to this Court on April 2, 2018, alleges that the Defendant failed to comply with its warranty obligations regarding an automobile. (ECF No. 1). An Early Neutral Evaluation/Case Management Conference was held on June 27, 2018, and a Scheduling Order issued on June 28, 2018. (ECF No. 9). The Scheduling Order provided for a discovery deadline of November 30, 2018, allowing for five months of discovery in this rather straightforward case. (*Id.*).

On September 21, 2018, the parties moved to amend the Scheduling Order, extending all deadlines for 45 days, due to issues in scheduling depositions. (ECF No. 10). The Court granted the motion and issued a First

Amended Scheduling Order providing for a discovery deadline of January 14, 2019. (ECF No. 11).

On November 8, 2018, Defendant sought an extension of all deadlines for another 90 days due to the unexpected illness of its expert. (ECF No. 12). Plaintiff expressly did not oppose. (ECF No. 14). The Court granted the request and issued a Second Amended Scheduling Order providing for a discovery deadline of April 5, 2019. (ECF No. 15).

The parties now seek an additional, unspecified extension of time based upon Defendant's decision not take Plaintiff's expert deposition until after the mandatory settlement conference. The mandatory settlement conference had been scheduled for April 25, 2019, almost three weeks after the close of discovery. (ECF No. 15). On April 22, 2019, the parties moved to continue the settlement conference because Plaintiff's counsel had a scheduling conflict. (ECF No. 17). The motion was granted, and the settlement conference continued to June 3, 2019. (ECF No. 18). On May 28, 2019, the Court rescheduled the settlement conference from June 3, 2019, to July 25, 2019, due to a conflict. (ECF No. 19). The parties rely on the rescheduling of the settlement conference to support their request to reopen discovery.

Discovery has been closed since April 4, 2019. Discovery closed weeks before the parties sought a continuance of the April 25, 2019 settlement conference and no mention was made in the joint motion to continue the settlement conference of any pending discovery needs or issues. (ECF No. 17). The decision not to complete discovery, based upon a settlement conference set for after the close of discovery, without seeking leave of Court, was not well-considered.

Modification of the scheduling order, under Rule 16(b)(4), Fed. R. Civ. P., requires good cause. The standard for good cause under this Rule primarily considers the diligence of the party seeking the modification. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, the parties have not been diligent and there is no good cause. The Scheduling Order will not be amended. Discovery remains closed. The Joint Motion to Amend the Schedule is **DENIED**.

The mandatory settlement conference, scheduled for July 25, 2019, is **VACATED**. The Court will not indulge these parties, considering their lack of diligence, in a court-supported settlement conference. The parties are free to engage in private mediation. The Court strongly urges the parties to take heed of and comply with the pretrial requirements of the operative Scheduling Order.

**IT IS SO ORDERED.**

Dated: June 13, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge